UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDWARD GRAHAM,

                                Plaintiffs,      **COMPLAINT AND**
                                                             **JURY DEMAND**
        -against-

THE CITY OF NEW YORK; POLICE OFFICER      DOCKET #
WILSON ALBA, SHIELD NO. 9921; POLICE OFFICER  15cv5366(RMM)(VMS)
JASON BRODERICK, SHIELD NO. 27575; POLICE
OFFICER JONATHAN CALDERON, SHIELD NO.
08217; SERGEANT COLIN DELANEY, JOHN DOE
SUPERVISORS, ##1-2;                                   ECF CASE

                                  Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a May 9, 2014 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5.  The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.  Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7.  Plaintiff Edward Graham is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8.  The City of New York is a municipal corporation organized under the laws of the State of New York.

9.  All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

10.  At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11.  On May 9, 2014, at approximately 8:15 pm., plaintiff was in the vicinity of the corner of Sutter and Stone Avenues in Brooklyn, NY speaking with his wife.

12.  There were four police officers standing nearby. Plaintiff, who had his bike with him, asked them a question about whether he should get a ticket for riding his bike in the opposite direction of a one way street. One of the defendant police officers took exception to the question, and answered in a rude and disrespectful way. After a brief verbal exchange, defendant police officers assaulted and arrested him. Plaintiff in no way resisted arrest or refused to comply with a lawful order. Plaintiff posed no physical threat whatsoever to defendants.

13. After he was handcuffed, a defendant officer attempted to put him in the police van. However, due to leg injury, he was having trouble lifting his leg up to enter the van. Plaintiff explained this to the officers. As he explained, one of the defendant officers told him to "shut the fuck up", and punched plaintiff in the face – while handcuffed -- causing further injury.

14. Plaintiff was transported to the precinct while bleeding from his lip. Later, while in police custody, he was taken to Brookdale Hospital. Plaintiff was diagnosed with a through and through lip laceration, which required 4 stitches on the inside and one stitch on the outside to close. He also suffered tenderness to his right mandible.

15. Plaintiff was processed and arraigned at Kings County Criminal Court. He was released from custody at about 6:00 pm, having spent more than 21 hours in custody.

16. Plaintiff was charged with Disorderly Conduct and Resisting Arrest. All charges against plaintiff were dismissed. Plaintiff denied committing any crime or violation in the course of the incident.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment to the United States

Constitution to be free from an unreasonable search and seizure;

b.   Pain and suffering;

c.   Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety; and

d.   Loss of liberty.

**FIRST CAUSE OF ACTION**
(42 USC § 1983 – EXCESSIVE FORCE AS TO POLICE OFFICER WILSON ALBA AND JOHN DOE POLICE OFFICERS ##1-3)

20.   The above paragraphs are here incorporated by reference.

21.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, when he was grabbed and handled roughly for no purpose when he was first handcuffed and when he was punched after he was handcuffed.  Plaintiff's right to be free from the use of excessive force was thus violated.

22.   Defendant officer Wilson Alba and the John Doe officers assaulted plaintiff and/or failed to intervene in the obviously unconstitutional conduct of the other officer.

23.   Defendants are thus liable to plaintiff pursuant to the Fourth Amendment to the United States Constitution and defendants' are liable to plaintiff under 42 U.S.C. § 1983.

24.   Plaintiff has been damaged as a result of defendants' wrongful acts.

**SECOND CAUSE OF ACTION**
(42 USC § 1983 – FALSE ARREST AND FALSE IMPRISONMENT AS TO POLICE OFFICER WILSON ALBA AND JOHN DOE POLICE OFFICERS ##1-3)

25.   The above paragraphs are here incorporated by reference.

26.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and imprisonment, when they detained and

imprisoned plaintiff without probable cause or reasonable suspicion, pursuant to the Fourth Amendment to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983

27. Plaintiff was aware of his confinement and did not consent to it.

28. Plaintiff has been damaged as a result of defendants' wrongful acts.

## THIRD CAUSE OF ACTION
(42 USC § 1983 – MUNICIPAL AND SUPERVISORY LIABILITY)

31. The above paragraphs are here incorporated by reference.

32. The City and John Doe Supervisors are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

33. The City, and John Doe Supervisors knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

34. The aforesaid event was not an isolated incident. The City and John Doe Supervisors have been aware for some time (from lawsuits, criminal trials of police officers and notices of claim, media coverage and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid the use of excessive force during an arrest. The City John Doe Supervisors of Brooklyn Narcotics Bureau Detectives are further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal.

35. For example, in the criminal case against narcotics officer Jason Arbeeny, who was convicted of planting drugs and falsifying arrest reports, the Kings County trial judge noted that NYPD "had a widespread culture of corruption endemic in its drug units". He further noted the "cowboy culture" in narcotics units and that he was "shocked, not only by the seeming

5

pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

36. In addition, the City knows from the same sources that supervising officers, including but not limited to the John Doe Supervisors have instituted arrest quotas that put pressure on police officers and detectives to make such arrests regardless of the merits of the arrest.

37. Furthermore, the City, John Doe Supervisors are aware, from the same sources, that police officers routinely engage in the false arrests of citizens. Upon information and belief based on multiple witnesses and plaintiffs in various federal cases, the City and John Doe Supervisors know that defendant Alba and the John Doe officers, among others routinely violates citizens' right to privacy by unlawfully entering private homes, falsely arrests and inappropriately and unlawfully draws and points his gun at citizens. Moreover, rather than inquiring into patterns of alleged misconduct in civil rights cases, the City has undertaken a policy to cover up settlement amounts by changing their settlement stipulations to exclude settlement amounts.

38. The City and the John Doe Supervisors fail to monitor and discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to monitor and discipline officers for making false statements to disciplinary agencies, in addition to failing to monitor false arrests committed by officers. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force and arrests are practiced and incredible testimony goes uncorrected. Additionally, the City and John Doe Supervisors have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their

6

capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City John Doe Supervisors have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

39. The City and John Doe Supervisors knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and John Doe Supervisors failed to take corrective action.

40. The City and John Doe Supervisors have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

41. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

42. Defendants the City and John Doe Supervisors Detectives have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

43. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City and John Doe Supervisors.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
March 2, 2016

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Officer Wilson Alba
PSA 2

Police Officer Jason Broderick
Gun Violence Suppression Division
One Police Plaza, Rm 1310
New York, NY 10038

Police Officer Jonathan Calderon
PSA 2
560 Sutter Avenue
Brooklyn, NY 11207

Sergeant Colin Delaney
88th Precinct
298 Classon Ave.
Brooklyn, NY 11205

Yours, etc.,

/s/ Leo Glickman

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com